GILLESPIE, Appellant, vs. SYKES, Respondent.

*October 15—November 18, 1947.*

For the appellant there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *F. C. Eberlein.*

For the respondent there was a brief by *Strehlow & Cranston* of Green Bay, and oral argument by *Max H. Strehlow.*

Rosenberry, C. J.    At the commencement of his brief the plaintiff states :

"the only dispute in the case is as to what were the terms and conditions of a contract entered into between the plaintiff and the defendant."

The defendant claims that she entered into no contract with the plaintiff and that he, without any solicitations on her part and without any consideration, deeded to her property of the value of $5,000.

The plaintiff, a man eighty-six years of age, claims that he was under no obligation whatever to the defendant ; that when the defendant came to Green Bay to attend the funeral of plaintiff's son, he entered into an agreement with the defendant whereby she was to come and live with him and that he would support her, pay all the bills, give her a life estate in the homestead and, after her death, the homestead was to go to his only remaining son, Lee Gillespie.    Upon this appeal the plaintiff contends that the court did not apply proper rules of evidence in consideration of the facts in the case and that the testimony of the defendant is incredible and that there is no credible evidence in the case to support the findings of the court.

The contention that the evidence is incredible is based almost wholly upon the fact that the plaintiff, an aged man, conveyed his homestead to the defendant, his niece, without consideration, and that defendant's testimony upon its face is incredible. This agreement was clearly and forcefully presented to the trial court and it found against the plaintiff's contention.

The plaintiff had two sons, Ivon and Lee.    The defendant was his niece.    She was a registered nurse about fifty years of age.    At or about the time Ivon entered the military service, he executed a will in which he bequeathed to the defendant his interest in the homestead property in question.    Ivon was accidentally killed on October 21, 1943.    His funeral was held

on October 26, 1943. There was some talk about the transaction between the plaintiff and defendant on the 26th after the funeral. The plaintiff and the defendant squarely contradicted each other as to what was said upon that occasion. It appears from the defendant's testimony that she supposed the father was making a conveyance to her to carry out the provisions contained in Ivon's will. It appears that the property in question was held in joint tenancy by the plaintiff and Ivon. Upon Ivon's death the plaintiff became the sole owner. In any event it was arranged that they should go to the office of E. L. Everson, who had been an attorney for the plaintiff for some nine or ten years. He had drawn Ivon's will. He was familiar with the title to the property. Both the plaintiff and the defendant were present at the time. The deed was prepared by Mr. Everson. Before the drafting and execution of the deed, Mr. Everson testified that he informed the plaintiff that he was the sole owner of the property by operation of law. This it appears was some time before the funeral and after Ivon's death. Mr. Everson testified further that the plaintiff in no way indicated that there were any conditions attached to the conveyance or that the defendant had made any promise. Mr. Everson was not asked by the plaintiff to incorporate anything of that kind in the deed. After the deed was executed, Mr. Everson handed it to the plaintiff and the plaintiff and the defendant together went to the courthouse where the deed was recorded, the plaintiff paying the recording fee. There was other testimony which more or less tends to sustain the claims of the parties but it is apparent that the determination of the case rests upon the credibility of the parties. The trial court saw the parties and heard them testify and therefore had an opportunity to observe their demeanor upon the witness stand. It decided to accept the testimony of the defendant rather than that of the plaintiff. There is nothing inherently improbable in the defendant's statement of what took place. Mr. Everson testified that the plaintiff was in a happy frame of mind and was

not emotionally upset. Certainly the findings of the trial court are not against the great weight and clear preponderance of the evidence.

No useful purpose would be served by setting out extensive quotations from the evidence, there being, as counsel for the plaintiff said, no dispute as to anything except the terms and conditions of the arrangement entered into between the parties on October 26, 1943, and consummated on October 27, 1943.

*By the Court.*—Judgment affirmed.